IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RALPH BLAINE SMITH,**

    **Petitioner,**

    v.

**JASON BUNTING, WARDEN,**

    **Respondent.**

Case No. 2:16-cv-00627
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Petitioner's *Motion to Hold Petition in Abeyance to Complete Exhaustion of All State Remedies* (ECF No. 2)("*Motion to Hold Petition in Abeyance*"), Respondent's *Motion to Dismiss for Lack of Jurisdiction as Successive Petition* (ECF No. 8) ("*Motion to Dismiss*"), Petitioner's *Response in Opposition* (ECF No. 11), Respondent's *Reply* (ECF No. 12), Petitioner's *Sur-reply* (ECF No. 13), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED,** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive. The Magistrate Judge further **RECOMMENDS** that Petitioner's *Motion to Hold Petition in Abeyance* (ECF No. 2) be **DENIED** as moot.

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On March 17, 2000, the Fairfield County Grand Jury indicted appellant, Ralph Blaine Smith, on two counts of aggravated

burglary in violation of R.C. 2911.11(A)(1) and (2), three counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (3), two counts of kidnapping in violation of R.C. 2905.01(A), and one count of theft in violation of R.C. 2913.02. All counts except the theft count included firearm specifications.

A jury trial commenced on August 8, 2000. The jury found appellant guilty as charged. By judgment entry filed September 19, 2000, the trial court imposed maximum consecutive sentences, resulting in a total term of sixty-one years, to be served consecutively to a six year term for the firearm specifications. Appellant filed an appeal to this court, raising six assignments of error, including challenges to his sentence. We affirmed appellant's convictions and sentence. *See State v. Smith*, 5th Dist. Fairfield No. 00–CA–63, 2001–Ohio–1952 (hereinafter "*Smith I* ").

On June 19, 2008, appellant filed a petition to vacate or set aside judgment of conviction or sentence, challenging the indictment and claiming structural error. By entry filed October 23, 2008, the trial court denied the petition, finding the filing was a petition for postconviction relief and was untimely filed.

On November 12, 2013, appellant filed a motion to vacate a void sentence, claiming failure to merge allied offenses, failure to make required findings before imposing more than the minimum sentences in violation of R.C. 2929.14(B), failure to properly sentence him on the firearm specifications, and failure to notify him of and properly impose postrelease control. By entry filed February 12, 2014, the trial court denied the motion, finding the motion to be an untimely motion for postconviction relief and finding all issues raised therein to be barred by the doctrine *of res judicata*. Appellant appealed, again challenging his sentence. We affirmed appellant's sentence, finding the arguments therein to be barred by *res judicata*, but remanded the matter to the trial court for a hearing to verbally notify appellant of postrelease control. See *State v. Smith*, 5th Dist. Fairfield No. 14–CA–18, 2014–Ohio–4657 (hereinafter "*Smith II* ").

Upon remand, the trial court held a resentencing hearing on July 13, 2015. Appellant requested an opportunity to argue the merits of his maximum consecutive sentence. The trial court overruled appellant's request and verbally notified him of postrelease control. By judgment entry filed July 30, 2015, the trial court sentenced appellant to the original 2000 sentence.

2

> Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
>
> I
> "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GRANT THE DEFENDANT–APPELLANT LEAVE TO ADDRESS ISSUES RELATED TO HIS SENTENCING IN CONNECTION WITH THE JULY 13, 2015 HEARING."
>
> II
>
> "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING MR. BLAINE–SMITH TO A TERM OF POST–RELEASE CONTROL."
>
> III
>
> "THE TRIAL COURT COMMITTED HARMFUL ERROR IN RESENTENCING THE DEFENDANT–APPELLANT IN CONNECTION WITH THE JULY 13, 2015 HEARING."
>
> IV
>
> "THE DEFENDANT–APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS HEREIN."

*State v. Blaine-Smith*, No. 15-CA-46, 2016 WL 3608634, at *1-2 (Ohio App. 5th Dist. July 15, 2016). On July 15, 2016, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner apparently did not file an appeal to the Ohio Supreme Court from that decision.

On June 30, 2016, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he was convicted pursuant to a constitutionally improper and unreliable witness identification (claim one); that the trial court improperly imposed maximum consecutive terms of incarceration (claim two); that he was improperly sentenced on allied offenses of similar import (claim three); that he was denied the effective assistance of trial counsel (claim four); that the trial court refused to permit allocation at his sentencing hearing

3

(claim five); that he was convicted in violation of the Double Jeopardy Clause (claim six); and that he was denied the effective assistance of counsel at his re-sentencing hearing (claim seven).

Petitioner seeks a stay of proceedings pending exhaustion of state court remedies as to his claims.  *Motion to Hold Petition in Abeyance.*

However, this is not Petitioner's first federal habeas corpus petition.  On June 27, 2003, Petitioner filed a petition under 28 U.S.C. § 2254, challenging these same convictions.  *See Smith v. Hurley*, No. 2:03-cv-580 (ECF No. 8-1, PageID# 38-39.)  Proceeding with the assistance of counsel, Petitioner alleged in that habeas corpus petition that he had been denied his right to a fair trial when the trial court overruled his motion to suppress witness identification testimony. *Id.* (PageID# 45-46.)  On April 19, 2004, this Court dismissed that action on the merits*. Id.* (ECF No. 8-3, PageID# 61.)   Respondent contends that this action should therefore be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  *Motion to Dismiss.*

## Successive Petitions

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals to authorize the district court's consideration of the application. 28 U.S.C. § 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), the district court must transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit, in turn, will authorize the filing of a second petition only if the petitioner establishes either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review, or that the factual predicate for the claim could not have been discovered previously through the exercise of

diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

This Court must first determine whether the *Petition* constitutes a successive petition. *See In re Smith*, 2012 WL 3631145.  The United States Court of Appeals for the Sixth Circuit has clarified this rule as follows:

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem,* 631 F.3d 809, 812 (6th Cir. 2011) (quoting *Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" *Id.* at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id.* at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662. In *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id.* at 2797–98.

*Storey v. Vasbinder*, 657 F.3d 372, 376–77 (6th Cir. 2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition).

In *Magwood v. Patterson*, 561 U.S. 320, the petitioner had originally filed a § 2254 petition challenging his 1981 death sentence. "[T]he District Court upheld Magwood's conviction but vacated his sentence and conditionally granted the writ based on the trial court's failure to find statutory mitigating circumstances relating to Magwood's mental state." *Id*. at 326 (footnote omitted).  The state trial court thereafter held a new sentencing hearing, again imposing a sentence of death. *Id*.  Magwood again filed a petition under 28 U.S.C. § 2254, in which he alleged that he had not received fair notice that he could be sentenced to death and that he had been denied the effective assistance of counsel during the re-sentencing hearing. *Id*. at 328. Noting that the later sentencing hearing had resulted in a new judgment, the Supreme Court held that Magwood's second habeas corpus petition did not constitute a successive petition. *Id.* at 331.

> In adopting a judgment-focused interpretation of the phrase "second or successive," *Magwood* rejected the claim-by-claim approach advanced by the State and the dissent. *Id*. at 331, 130 S.Ct. 2788; *see id.* at 349–50, 130 S.Ct. 2788 (Kennedy, J., dissenting). That approach would have required courts to look at each claim raised in a habeas petition and determine whether the applicant had a "full and fair opportunity" to raise that claim in a prior petition. *Id*. at 335, 130 S.Ct. 2788 (majority opinion); *see id.* at 349, 130 S.Ct. 2788 (Kennedy, J., dissenting). But because "second or successive" modifies the word "application," not "claim," courts need not assess the nature of the petitioner's claims so long as he challenges a new judgment. *Id*. at 330–36, 130 S.Ct. 2788 (majority opinion).
>
> *King v. Morgan*[, 807 F.3d 154 (6th Cir. 2015),] extended *Magwood* to challenges to a conviction. 807 F.3d 154 (6th Cir. 2015). After his conviction in an Ohio court, King unsuccessfully sought federal habeas relief. *Id*. at 156. The trial court subsequently vacated his sentence, but when he received a higher minimum prison term after resentencing, he turned to the federal courts once more. *Id*. Like Magwood, King had obtained an intervening judgment between his two habeas petitions. But unlike Magwood, his second-in-time petition raised challenges to his sentence and his conviction, even though he had received only a

6

> new sentence (rather than a new trial) in the interim. *Id*. at 157. King's petition, we held, was not second or successive under Magwood's "judgment-based" approach, prohibiting us from slicing King's "application" into distinct "claims" and thus from assessing whether each one challenged his conviction or his sentence. *Id.; see Magwood*, 561 U.S. at 331, 130 S.Ct. 2788; *see also Askew v. Bradshaw*, 636 Fed.Appx. 342, 346–50 (6th Cir. 2016). Instead, we treated King's application—his entire application—as the first one to challenge his new judgment, which meant he did not have to meet the second or successive requirements.

*In re Stansell,* 828 F.3d 412, 415-16 (6th Cir. 2016). In *In re Stansell*, the Sixth Circuit applied the reasoning of *King* and *Magwood* to hold that, even where a sentence has been only partially vacated (because it did not include a term of post-release control) and where the state trial court re-sentenced the Petitioner for the limited purpose of imposing that term, that action resulted in a new or intervening judgment that permitted Stansell to raise challenges to his original conviction and his original sentence to a term of incarceration, as well as to his new term of post-release control. *Id*. at 416. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id*. (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937); *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

> Before his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life plus five years of post-release control. *See Jones*, 371 U.S. at 238–43, 83 S.Ct. 373. Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count.

*Id*. at 416-17. In *In re Stansell*, the Sixth Circuit rejected the argument that the imposition of a term of post release control, following remand, constituted a mere technical amendment or ministerial change that did not alter the substance of the Petitioner's conviction or result in a new judgment. *Id*. at 417. "When a court alters a sentence to include post-release control, it

7

substantially and substantively changes the terms under which an individual is held 'in custody.' 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment." *Id*. Under such circumstances, a petitioner's numerically second petition does not constitute a successive petition within the meaning of 28 U.S.C. § 2244(b).

However, the Sixth Circuit clarified that, for example, the issuance of a *nunc pro tunc* entry to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records does not constitute a new judgment for purposes of this determination. "To hold otherwise would turn those requirements into a game of 'I Spy,' where the petitioner best able to catch the court's technical errors will earn himself a free pass (maybe many free passes) into federal court." *Id*. at 420 (citing *Marmolejos v. United States*, 789 F.3d 66, 70–72 (2d Cir. 2015); *May v. Kansas*, 562 Fed.Appx. 644, 645–46 (10th Cir. 2014)(*per curiam*); *United States v. Cano*, 558 Fed.Appx. 936, 941 n. 6 (11th Cir. 2014)(*per curiam*)).

The Sixth Circuit further limited its holding in *In re Stansell* as follows:

> [W]e do not imply that any change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the type of change that creates a new judgment for purposes of the second or successive bar. That is because this type of change alters the sentence "pursuant to" which the petitioner is "in custody." 28 U.S.C. § 2254(a), (b)(1); *see Magwood*, 561 U.S. at 332, 130 S.Ct. 2788. We need not decide what happens if a state court alters the non-custodial aspects of the petitioner's sentence (by vacating a restitution obligation or imposing a fine, for example); or if it vacates the sentence on one of the petitioner's counts but continues to hold him in custody under the sentence imposed on another; or if, assuming that the same second or successive rules apply in the federal context, a court grants a motion to reduce an applicant's sentence due to a guidelines amendment or substantial assistance. *Compare Kramer v. United States*, 797 F.3d 493, 501–02 (7th Cir. 2015) (vacating conviction on one count of a multi-count indictment does not reset § 2255's second or successive count with respect to the other convictions and sentences), and *In re Lampton*, 667 F.3d 585, 588–90 (5th Cir.

8

> 2012) (same), *with Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012) (reaching the opposite result in a § 2254 case), and *Johnson v. United States*, 623 F.3d 41, 44–46 (2d Cir.2010) (same, in the § 2255 context); *see also* 18 U.S.C. § 3582(b), (c) (permitting courts to "modify a term of imprisonment" in certain circumstances, including guidelines amendments and substantial assistance motions, but noting that the original "judgment of conviction . . . constitutes a final judgment for all other purposes"); Fed. R. Crim. P. 35(b); *United States v. Jones*, 796 F.3d 483, 485–87 (5th Cir. 2015); *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014); *cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 812 F.3d 885, 887–92 (11th Cir. 2016) (§ 2254 habeas application was not second or successive where state court had vacated a portion of the petitioner's sentence but left the term of imprisonment intact); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278–81 (11th Cir. 2014) (*per curiam*) (§ 2254 habeas application was not second or successive where state court had reduced the mandatory minimum prison term for petitioner's offense but had maintained the same overall term of imprisonment).

*Id*. at 419-20.

Here, the state appellate court did not remand Petitioner's case for re-sentencing because of the trial court's failure to impose a term of post-release control. Rather, the trial court had imposed a mandatory term of post-release control but had failed to orally advise Petitioner of that sentencing term, as required under Ohio law. The case was remanded for the sole, limited purpose of remedying that failure.

> Although the sentencing entry recites that appellant was informed of postrelease control, the transcript of the sentencing hearing reflects that the trial court failed to inform appellant of postrelease control. A trial court may correct its omission to inform a defendant about post-release control sanctions by complying with R.C. 2929.191 and issuing a corrected sentence. *State v. Alexander,* 5th Dist. Stark No. 13–CA–151, 2014–Ohio–2351, ¶ 21. However, in cases where no corrected entry is necessary, only a hearing is required. *Id*.
>
> \*\*\*
>
> Because the trial court did not verbally inform appellant of mandatory postrelease control sanctions at sentencing, his third assignment of error is sustained in part and overruled in part.

9

> Appellant is entitled to a new limited sentencing hearing during which the court will explain the mandatory period of postrelease control included in his sentence.
>
> This matter is remanded to the trial court for the limited purpose of holding a sentencing hearing to address appellant in regards to his postrelease control sanction. As to all other issues, the judgment is affirmed.

*State v. Smith*, No. 14-CA-18, 2014 WL 5365511, at *3 (Ohio App. 5th Dist. Oct. 16, 2014). Petitioner does not allege, and it does not appear from the record, that any new terms were included in any new judgment entry issued as a result of the appellate court's order of remand.

Under these circumstances, the Court is not persuaded that the order of remand issued by the state appellate court resulted in a new judgment that would permit Petitioner to file a numerically second petition without first obtaining authorization for the filing of successive petition.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 8) be **GRANTED**, and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

The Magistrate Judge further **RECOMMENDS** that Petitioner's *Motion to Hold Petition in Abeyance* (ECF No. 2) be **DENIED** as moot.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

     *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
November 9, 2016