# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RALPH BLAINE SMITH,**

     **Petitioner,**

     **v.**

**JASON BUNTING, WARDEN,**

     **Respondent.**

       **Case No. 2:16–cv–00627**
       **JUDGE MICHAEL H. WATSON**
       **Magistrate Judge King**

## OPINION AND ORDER

On November 9, 2016, the Magistrate Judge recommended that Respondent's Motion to Dismiss, ECF No. 8, be granted and that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. Report and Recommendation ("R&R"), ECF No. 14. The Magistrate Judge further recommended that Petitioner's Motion to Hold Petition in Abeyance be denied as moot. *Id.* Petitioner objects to those recommendations. Objection, ECF No. 15. Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF No. 15, is **OVERRULED**. The R&R, ECF No. 14, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED**, and this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. The Court does not address Petitioner's Motion to Hold Petition in Abeyance, ECF No. 2.

Petitioner challenges his September 2000 convictions, following a jury trial in the Fairfield County Court of Common Pleas, on two counts of aggravated burglary, three counts of robbery, two counts of kidnapping, and one count of theft, with firearm specifications. He claims in this action that he was convicted pursuant to a constitutionally improper and unreliable witness identification (claim one); that the trial court improperly imposed maximum consecutive terms of incarceration (claim two); that he was improperly sentenced on allied offenses of similar import (claim three); that he was denied the effective assistance of trial counsel (claim four); that the trial court refused to permit allocution at his sentencing hearing (claim five); that he was convicted in violation of the Double Jeopardy Clause (claim six); and that he was denied the effective assistance of counsel at his re-sentencing hearing (claim seven).

This is Petitioner's second petition in this Court challenging these same convictions. *See Smith v. Hurley*, No. 2:03-cv-580 (S.D. Ohio). On April 19, 2004, this Court dismissed that prior action on the merits. *Id.* (Judgment, ECF No. 14).

Because Petitioner already raised the claims he raises in this action, the Magistrate Judge recommended that the current action be transferred to the Court of Appeals as a successive petition. *See* R&R, at 4 (citing 28 U.S.C. § 2244(b)(3)(A); *In re Smith*, 690 F.3d 809 (6th Cir. 2012)).

Petitioner objects to this recommendation. In his Objection, Petitioner argues that this action does not constitute a successive petition in light of his July

13, 2015, re-sentencing hearing. In Petitioner's original appeal, the state appellate court affirmed Petitioner's conviction but remanded the action for a re-sentencing hearing because, although the trial court had imposed a mandatory term of post-release control, it had not orally advised Petitioner of that term at the original sentencing hearing. *See State v. Smith, No.* 14-CA-18, 2014 WL 5365511, at *3 (Ohio App. 5th Dist. Oct. 16, 2014). The state trial court conducted the re-sentencing hearing on July 13, 2015, during which it verbally notified Petitioner of the terms of the post-release control that had been originally imposed. A new judgment was thereupon entered by the trial court. *See* Obj., ECF No. 15, at 11–12.

The Magistrate Judge noted that, " '[w]hen a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody.' . . .That means it has created a new judgment for purposes of the second or successive assessments.' " R&R, ECF No. 14, at 7–8 (quoting *In re Stansell,* 828 F.3d 412, 417 (6th Cir. 2016)). However, the Magistrate Judge reasoned that Petitioner's re-sentencing hearing did not result in a new judgment for purposes of this determination because it resolved only a discrepancy between the trial court's oral pronouncements and its formal judgment. "Petitioner does not allege, and it does not appear from the record, that any new terms were included in any new judgment entry issued as a result of the appellate court's order of remand." R&R, ECF No. 14, at 10.

3

In his Objection, Petitioner insists that, on remand, the trial court in fact changed the terms of his sentence and conducted an entirely new sentencing hearing, thereby exceeding the scope of the appellate court's remand. Petitioner has attached to his Objection a copy of the trial court's initial judgment entry of sentence, and the judgment entry of sentence issued following the re-sentencing hearing. Objection, ECF No. 15, at 5–16).[1]

The record does not support Petitioner's contention that the trial court conducted an entirely new sentencing hearing or changed the terms of its original sentence. To the contrary, the record establishes that the terms of Petitioner's original sentence remained unchanged following the re-sentencing hearing. Moreover, the state appellate court confirmed this fact: "Appellant was well aware of postrelease control as it was included in the original 2000 judgment entry. The trial court verbally notified appellant of postrelease control in accordance with Ohio law as directed by this court's limited remand." *State v. Blaine-Smith*, No. 15-CA-46, 2016 WL 3608634, at *3 (Ohio App. 5th Dist. July 5, 2016). Under these circumstances, this Court agrees with the Magistrate Judge that the re-sentencing hearing, conducted for the sole purpose of verbally advising Petitioner of the terms of the post-release control imposed in the original judgment, did not result in a new judgment that would permit the filing of a numerically second petition without first obtaining authorization from the Sixth

---

[1] Respondent moved to dismiss the action as successive without the benefit of the state court records. Mot. to Dismiss, ECF No. 8.

Circuit for the filing of a successive petition. That being the case, this Court lacks jurisdiction to entertain this action absent authorization by the Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

Petitioner also objects to the Magistrate Judge's recommendation that the motion for a stay of proceedings be denied. In light of the Court's conclusion that it lacks jurisdiction in this matter, the Court may not and will not address Petitioner's Motion to Hold Petition in Abeyance.

For the foregoing reasons and for the reasons detailed in the R&R, Petitioner's Objection, ECF No. 15, is **OVERRULED.** The Report and Recommendation, ECF No. 14, is **ADOPTED** and **AFFIRMED.** Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED,** and this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON. JUDGE**
**United States District Court**

5