**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RALPH BLAINE SMITH,**

    Petitioner,

    v.

**JASON BUNTING, WARDEN,**

    Respondent.

Case No. 2:16-cv-0627
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on the *Petition* (Doc. 1), the *Return of Writ* (Doc. 26), Petitioner's *Traverse* (Doc. 29), and the exhibits of the parties.[1] For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for a stay is **DENIED.**

### Facts and Procedural History

The Sixth Circuit summarized the procedural history of the case as follows:

> In 2000, a jury convicted Smith of two counts of aggravated burglary, Ohio Rev. Code § 2911.11(A)(1), (2); three counts of aggravated robbery, Ohio Rev. Code § 2911.01(A)(1), (3); two counts of kidnapping, Ohio Rev. Code § 2905.01(A); and one count of theft, Ohio Rev. Code § 2913.02. All counts except theft included firearm specifications. Smith was sentenced to a total term of sixty-one years of imprisonment, to be served consecutively to a six-year term of imprisonment for the firearm specifications. The Ohio Court of Appeals affirmed. *State v.*

---

[1] On December 8, 2016, this Court transferred the case to the Court of Appeals as successive. *Report and Recommendation* (Doc. 14); *Opinion and Order* (Doc. 16). The Sixth Circuit thereafter concluded that the *Petition* was not successive and remanded the action to this Court for further proceedings. *In re: Ralph Blaine Smith*, No. 16-4699 (6th Cir., May 11, 2017).

> *Smith*, No. 00-CA-63, 2001 WL 1913854 (Ohio Ct. App. Dec. 10, 2001).
>
> Smith then filed an application to reopen his appeal, alleging ineffective assistance of counsel. The Ohio Court of appeals denied the application, and the Ohio Supreme Court denied leave to appeal. *State v. Smith*, 96 Ohio St.3d 1515 (Ohio 2002).
>
> In 2003, Smith filed a 2254 petition in the district court, claiming that he was denied his rights to due process and a fair trial when the trial court overruled his motion to suppress unfairly suggestive witness identification testimony. *Smith v. Hurley*, No. 2:03-cv-580 (S.D. Ohio Apr. 19, 2004). The district court denied the petition on the merits. *Id*.
>
> Smith then, in 2008, filed a petition to vacate or set aside his judgment, which the trial court denied as untimely. In 2013, Smith filed a motion to vacate or void his sentence, which the trial court denied as untimely and on *res judicata* grounds. *See State v. Smith*, No. 14-CA-18, 2014 WL 5365511, at *1 (Ohio Ct. App. Oct. 16, 2014). The Ohio Court of Appeals affirmed all issues raised on appeal with the exception of Smith's third assignment of error, in which Smith argued that the trial court failed to inform him of post-release control. *Id.* at *4. The Ohio Court of Appeals sustained this assignment of error and remanded the case to the trial court "for the limited purpose of holding a sentencing hearing to address [Smith] in regards to his post[-]release control sanction." *Id*. at *4. In July 2015, on remand, the trial court orally notified Smith of post-release control and re-imposed the sentence that Smith had received in 2000. The Ohio Court of Appeals affirmed, *State v. Blaine-Smith,* No. 15-CA-46, 2016 WL 3608634 (Ohio Ct. App. July 5, 2016), and the Ohio Supreme Court denied leave to appeal, *State v. Smith,* 147 Ohio st.3d 1475 (Ohio 2016).

*In re: Ralph Blaine Smith*, No. 16-4699 (6th Cir. May 11, 2017).

The *Petition* presently before this Court asserts that Petitioner's conviction was based on a constitutionally improper and unreliable witness identification (claim one); that the trial court improperly imposed maximum consecutive terms of incarceration and sentenced him on allied offenses of similar import (claims two and three); that he was denied the effective assistance of trial counsel (claim four); that he was denied his right of allocution at the sentencing hearing

(claim five); that he was convicted in violation of the Double Jeopardy Clause (claim six); and that he was denied the effective assistance of counsel at his re-sentencing hearing (claim seven). Respondent contends that Petitioner's claims are procedurally defaulted or without merit.

## Motion to Stay Proceedings

Petitioner requests a stay of proceedings to permit him to file a motion for a new trial in the trial court based on newly discovered evidence. *Motion to Hold Petition in Abeyance* (Doc. 2); *Traverse* (Doc. 29, PageID# 1163-64). Petitioner asserts that evidence uncovered by a private investigator, and which purportedly was withheld by the prosecutor, establishes Petitioner's actual innocence and will have a substantial impact on the witness identification testimony. However, Petitioner has not actually submitted this evidence. Moreover, although Petitioner suggests that he intends to file a motion for a new trial, he does not explain why he has not, to date, done so. *See Rhines v. Weber,* 544 U.S. 269, 273-78 (2005) (a federal district court may stay a habeas corpus petition containing both exhausted and unexhausted claims, where a petitioner has "good cause" for failing to exhaust his claims, where his claims are potentially meritorious, and where there is no indication that he engaged in "intentionally dilatory litigation tactics.") Under these circumstances, Petitioner's requests for a stay, *Motion to Hold Petition in Abeyance* (Doc. 2); *Traverse* (Doc. 29, PageID# 1163-64), are **DENIED**.

## Procedural Default

Respondent contends that Petitioner has procedurally defaulted at least some of his claims. Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction

between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas. . . ." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. This means that if the claims are not presented to the state courts in the manner in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case - that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural rule. *Id*. Third, it must be decided whether the state procedural rule is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court determines that a state procedural requirement was not met, and that the rule is an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause sufficient to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, however, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray,* 477 U.S. at 479). That is because, before counsel's ineffectiveness can constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*,

411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51.

If, after considering all four factors of the *Maupin* test, a court concludes that a procedural default has occurred, that court must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray,* 477 U.S. at 495–96).

In claim two, Petitioner asserts that the trial court improperly imposed maximum consecutive sentences. In claim three, Petitioner asserts that his convictions constitute allied offenses of similar import. In claim four, Petitioner asserts, *inter alia*, that he was denied the effective assistance of counsel because his attorney failed to investigate an alibi defense. *See Petitioner's Traverse* (Doc. 29, PageID# 1158). Petitioner raised all of these issues on direct appeal; however, he failed to raise these claims in his appeal to the Ohio Supreme Court. *See Memorandum in Support of Jurisdiction* (Doc. 26-1, PageID# 437).

In claim four, Petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to object to improper witness testimony and identification procedures, failed to object to the imposition of maximum consecutive sentences, and failed to object to the imposition of sentences on allied offenses of similar import in violation of the Double Jeopardy Clause. Petitioner failed to raise these issues on direct appeal, where he was represented by new counsel.

In claim six, Petitioner asserts that the trial court exceeded the scope of the appellate court mandate at his re-sentencing hearing, thereby violating the Double Jeopardy Clause. *See Traverse* (Doc. 29, PageID# 1160). However, Petitioner did not raise this claim in the appeal from his re-sentencing hearing.[2] *See Merit Brief of the Defendant-Appellant* (Doc. 26-2, PageID# 1032-35).

Petitioner may now no longer present any of these claims to the state courts by virtue of the application of Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). Petitioner attempted to raise a claim that he had been improperly sentenced on allied offenses of similar import in post conviction proceedings; however, the state appellate court explicitly refused to consider that claim as barred by Ohio's doctrine of *res judicata*. *Opinion* (Doc. 26-2, PageID# 989). Similarly, the state appellate court refused to address the merits of Petitioner's claim that he had been improperly sentenced to maximum consecutive terms of incarceration in his appeal from his re-sentencing hearing, reasoning that that claim was barred by Ohio's doctrine of *res judicata*:

> Because the remand instructed the trial court to conduct a limited hearing to verbally inform appellant of postrelease control, the trial court was not at liberty to entertain any of appellant's arguments relative to his maximum consecutive sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, paragraph two of the syllabus ("[t]he new sentencing hearing to which an offender is

---

[2] Respondent argues that the Court should dismiss this claim for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a petitioner must specify the nature of his grounds for relief and the facts in support of each ground. Habeas Rule 2(c) provides for dismissal of a claim where the court cannot determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) is appropriate where the pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted). Here, however, Petitioner has clarified his claim in the *Motion to Hold Petition in Abeyance*, which he filed on the same date that he filed the *Petition*. (Doc. 2, PageID# 20). In any event, the claim is plainly procedurally defaulted.

> entitled under *State v. Bezak* is limited to proper imposition of postrelease control"); *State v. Alexander*, 5th Dist. Stark No. 13–CA–151, 2014–Ohio–2351.
>
> Any arguments in this appeal relative to the imposition of the original 2000 sentence as to maximum consecutive terms are again barred by the doctrine of *res judicata*. *State v. Perry*, 10 Ohio St.2d 175 (1967); *Fischer* at paragraph three of the syllabus ("[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence").

*State v. Blaine-Smith*, No. 15-CA-46, 2016 WL 3608634, at *2-3 (Ohio App. 5th Dist. July 5, 2016).

The United States Court of Appeals for the Sixth Circuit has held that Ohio's doctrine of *res judicata* constitutes an adequate and independent state ground that is sufficient to preclude federal habeas corpus review. *See Williams v. Bagley*, 380 F.3d 932, 966-67 (6th Cir. 2004) (citing *Greer v. Mitchell*, 264 F.3d 663, 673 (6th Cir. 2001); *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Mapes v. Coyle*, 171 F.3d 408, 421 (6th Cir. 1999). Additionally, this Court has consistently determined that Ohio's *res judicata* rules serve important state interest in assuring the finality of criminal convictions. *See, e.g., Davis v. Morgan*, No. 2:15-cv-00613, 2016 WL 6493420, at *11 (S.D. Ohio Nov. 2, 2016), *adopted and affirmed*, 2017 WL 56034 (S.D. Ohio Jan. 5, 2017); *Davenport v. Warden, Ross Correctional Inst.*, No. 2:14-CV-0245, 2015 WL 1321583 (S.D. Ohio March 24, 2015), *adopted and affirmed*, 2015 WL 1914277 (S.D. Ohio April 27, 2015); *Wiley v. Banks*, No. 2:13-CV-99, 2013 WL 1663962 (S.D. Ohio Apr. 17, 2013*), adopted and affirmed,* 2013 WL 3350668 (S.D. Ohio July 3, 2013). Thus, Petitioner has procedurally defaulted claims two, three, four, and six.

Petitioner may still secure review of the merits of these claims if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner asserts, as cause for his failure to raise claims in the Ohio Supreme Court, the denial of the effective assistance of counsel. However, attorney error cannot constitute cause for Petitioner's procedural default in failing to raise claims in his discretionary appeal to the Ohio Supreme Court, where he had no right to counsel in that proceeding. *See Barkley v. Konteh*, 240 F.Supp.2d 708, 714 (N.D. Ohio 2002) (citing *Coleman*, 501 U.S. at 751-53; *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Petitioner has failed to establish cause for his procedural defaults.

The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496. In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court in reaching the merits of

an otherwise procedurally-barred habeas petition. *Schlup*, 513 U.S. at 317. However, the actual innocence claim is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence – not previously presented at trial – would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here. After an independent review of the record, the Court does not deem this to be so extraordinary a case as to relieve Petitioner of his procedural default of claims two, three, four, and six.

**Standard of Review**

Respondent contends that the remainder of Petitioner's claims are without merit. Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the standards of the Antiterrorism and Effective Death Penalty Act ("the AEDPA") govern this case. The United State Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, ––– U.S. ––––, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

The AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under the AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of

> rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)). The United States Court of Appeals for the Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id*. at 748–49. The burden of satisfying the AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

### Claim One

In claim one, Petitioner asserts that his conviction was based on a constitutionally improper and unreliable witness identification. This Court has previously considered, and rejected, the merits of this claim. *Smith v. Hurley*, No. 2:03-cv-580 (S.D. Ohio), *Report and Recommendation* (Doc. 9); *Order Adopting Report and Recommendation* (Doc. 13); *Judgment* (Doc. 14) . Petitioner now asserts that he has newly discovered evidence, allegedly withheld by

the prosecutor, that supports this claim. *Traverse* (Doc. 29, PageID# 1149). However, the record does not present or even specifically describe this claimed new evidence. *Id.* (referring only to "the newly discovered evidence purposely withheld from the defense which shows actual innocence, impeachment of numerous witnesses, and that the photo array and identification was tainted and constitutionally non-compliant."). Petitioner has provided no new grounds warranting reconsideration of this claim. Therefore, and for the reasons previously addressed by this Court, *see Smith v. Hurley*, No. 2:03-cv-580, the Court is not persuaded that Petitioner has established that he is entitled to relief on this claim.

## Claim Five

In claim five, Petitioner asserts that the trial court improperly denied him the right to allocution at his re-sentencing hearing. This claim offers no basis for relief.

> [T]he right to allocution is not a constitutional right. The United States Supreme Court has held, "[T]he failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). *See also Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010) ("'there is no right to allocution under the federal constitution'") (citations omitted).

*Frazier v. Bobby*, No. 3:09-cv-1208, 2011 WL 5086445, at *52 (N.D. Ohio Oct. 25, 2011).

## Claim Seven

In claim seven, Petitioner asserts that he was denied the effective assistance of counsel at his re-sentencing hearing because his attorney failed to move to dismiss the entire case on double jeopardy grounds and failed to argue that the trial court had exceeded the scope of the appellate court's remand. The state appellate court rejected this claim, reasoning as follows:

> Appellant claims he was denied the effective assistance of counsel. We disagree.

> The standard this issue must be measured against is set out in *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:
>
> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
>
> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
>
> In his appellate brief at 14, appellant argues "the failure of his attorneys to raise issue with respect to his sentence either at the time of the original hearing or on his direct appeal." Appellant argues his attorneys failed to contest the consecutive nature of the sentences, double jeopardy, allied offenses, and the length of his sentence.
>
> All of these arguments under the guise of ineffective assistance of counsel are barred by the doctrine of *res judicata* as they could have been raised on direct appeal. Nevertheless, we note during the original sentencing hearing, trial counsel raised the issue of merger of offenses. September 12, 2000 T. at 6–7, 13–15. And *Smith I* clearly establishes appellant's appellate counsel raised the maximum consecutive nature of his sentence on direct appeal (Assignment of Error III), as well as the allied offenses/merger issue (Assignment of Error IV).
>
> During the resentencing hearing, trial counsel argued for the opportunity to address all of these issues again, and the trial court properly overruled the request as noted above. July 13, 2015 T. at 4–5.
>
> Upon review, we do not find any indication of ineffective assistance of counsel as argued by appellant.

*State v. Blaine-Smith*, 2016 WL 3608634, at *3-4.

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted). The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). A petitioner who claims the ineffective assistance of counsel must demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. *Id*. at 687; *Hale v. Davis,* 512 Fed.Appx. 516, 520 (6th Cir. 2013). A petitioner "show[s] deficient performance by counsel by demonstrating 'that counsel's representation fell below an objective standard of reasonableness.'" *Poole v. MacLaren*, 547 Fed.Appx. 749, 754 (6th Cir. 2013) (quoting *Davis v. Lafler,* 658 F.3d 525, 536 (6th Cir. 2011) and citing *Strickland*, 466 U.S. at 687). To make such a showing, a petitioner must overcome the strong presumption that his counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689.

Establishing a claim of ineffective assistance of counsel in a habeas case is difficult:

> The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id*., at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at 123, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123 [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland '*s deferential standard.

*Premo v. Moore,* 562 U.S. 115, 122-23 (2011). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether

defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. *Strickland's* standards also apply to a claim of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987).

Petitioner has failed to establish the denial of the effective assistance of counsel under the two-prong *Strickland* test. The record reflects that his attorney attempted to raise issues related to Petitioner's sentence and conviction, but that the state appellate court remanded the case to the trial court for the sole purpose of re-sentencing in order to inform Petitioner of the mandatory period of post release control; the state appellate court held that all other issues were precluded from review as barred by Ohio's doctrine of *res judicata*. *State v. Blaine-Smith*, 2016 WL 3608634, at *2-3. Petitioner complains that his attorney should have "more vigorously" pursued these issues. *Traverse* (Doc. 29, PageID# 1162). However, the record does not suggest that any more vigorous argument would have assisted Petitioner. Claim seven is therefore without merit.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for a stay is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      *s/ Norah McCann King*
      Norah McCann King
      United States Magistrate Judge
      November 3, 2017