# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RALPH BLAINE SMITH,**

      **Petitioner,**

      **v.**

**JASON BUNTING, WARDEN,**

      **Respondent.**

**Case No. 2:16-cv-627**

**Judge Michael H. Watson**

**Magistrate Judge King**

## OPINION AND ORDER

On November 3, 2017, the Magistrate Judge denied Petitioner's request for a stay and recommended that the claims asserted in the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as either procedurally defaulted or without merit. R&R, ECF No. 30. Petitioner objects to that denial and that recommendation. Obj., ECF No. 34. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objection, ECF No. 34, is **OVERRULED.** The order and report and recommendation, ECF No. 30, is **ADOPTED** and **AFFIRMED**, and Petitioner's request for a stay is **DENIED.** Petitioner's motion for a status hearing, ECF No. 31, is **DENIED** as moot. Finally, the Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his conviction in 2000 on two counts of aggravated burglary, three counts of aggravated robbery, two counts of kidnapping, and one count of theft, with firearm specifications. These convictions followed a jury trial in the Franklin County Court of Common Pleas. In July 2015, the trial court held a re-sentencing hearing pursuant to an order of remand by the Ohio Court of Appeals for the limited purpose of notifying Petitioner of the terms of post release control. *See In re: Ralph Blaine Smith*, No. 16-4699 (6th Cir. May 11, 2017). In this habeas corpus petition, Petitioner asserts that his convictions were based on a constitutionally improper and unreliable witness identification (claim one); that the trial court improperly imposed maximum consecutive terms of incarceration and sentenced Petitioner on allied offenses of similar import (claims two and three); that he was denied the effective assistance of trial counsel (claim four); that he was denied his right of allocution at the sentencing hearing (claim five); that he was convicted in violation of the Double Jeopardy Clause (claim six); and that he was denied the effective assistance of counsel at his re-sentencing hearing (claim seven).

Petitioner has requested a stay to permit him to file in the state trial court a motion for a new trial based on newly discovered evidence. Mot., ECF No. 2. Traverse Br. 18–19, ECF No. 29. As noted, the Magistrate Judge denied Petitioner's request for a stay and recommended the dismissal of Petitioner's claims as either procedurally defaulted or without merit.

In his objections, Petitioner again argues that a stay of this action is appropriate under *Rhines v. Weber*, 533 U.S. 269, 273–78 (2005) (a federal district court may stay a habeas corpus petition that contains both exhausted and unexhausted claims, if the petitioner has "good cause" for failing to exhaust his claims, if his claims are potentially meritorious, and if there is no indication that he has engaged in "intentionally dilatory litigation tactics"). Petitioner acknowledges that he has not yet filed a motion for a new trial in the trial court, but explains that this delay is a consequence of his intent to avoid violating "concurrent jurisdiction restrictions" and because he is awaiting this Court's authorization to file such a motion. Obj. 1, ECF No. 34. He states again that he intends to base that motion for a new trial on new evidence purportedly withheld by the prosecution, and explains that he has not submitted that evidence to this Court because federal habeas courts are limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 182–85 (2011).

Petitioner also objects to the Magistrate Judge's conclusion that some of his claims are procedurally defaulted. He insists that he presented all of his claims to the Ohio Supreme Court, and that he thereby preserved those claims for review in these proceedings. Referring to *State v. Williams*, 148 Ohio St.3d 403 (Ohio 2016), Petitioner also argues that Ohio's doctrine of *res judicata* does not preclude consideration of his claim that he was improperly sentenced on allied offenses of similar import. Obj. 5, ECF No. 34; *see State v. Williams*, 148

Ohio St.3d 403 (Ohio 2016).[1]  Petitioner claims that he could not have raised his

claims of ineffective assistance of trial counsel prior to his re-sentencing hearing,

and asserts that his claim that the trial court exceeded the scope of the appellate

court's remand, thereby violating the Double Jeopardy Clause, involves the trial

court's subject-matter jurisdiction that can be raised at any time under the United

States Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625, 630

(2002) (finding that subject-matter jurisdiction, or "a court's power to hear a case,

can never be forfeited or waived").  Also, Petitioner asserts that he has newly

discovered evidence establishing his actual innocence, and that this new

evidence excuses any procedural default on his part.  Finally, Petitioner objects

to the Magistrate Judge's recommendation of dismissal of certain claims on the

---

[1] The Ohio Supreme Court stated, in *State v. Williams*, 148 Ohio St.3d at 410, that:

> when a trial court finds that convictions are not allied offenses of similar
> import, or when it fails to make any finding regarding whether the offenses
> are allied, imposing a separate sentence for each offense is not contrary
> to law, and any error must be asserted in a timely appeal or it will be
> barred by principles of res judicata. *See* [*State v. Holdcroft*, 137 Ohio
> St.3d 526, 2013-Ohio-5014], at ¶ 8–9.

> However. . . "a trial court is prohibited from imposing individual sentences
> for counts that constitute allied offenses of similar import." . . . .

> It therefore follows that when a trial court concludes that an accused has
> in fact been found guilty of allied offenses of similar import, it cannot
> impose a separate sentence for each offense.  Rather, the court has a
> mandatory duty to merge the allied offenses by imposing a single
> sentence, and the imposition of separate sentences for those offenses—
> even if imposed concurrently—is contrary to law because of the mandate
> of R.C. 2941.25(A).  In the absence of a statutory remedy, those
> sentences are void. [*State v.*] *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-
> 6434, 920 N.E.2d 958, at ¶ 25.

*Id*. (citation omitted).

merits. He indicates that he does not intend to raise an issue regarding the denial of his right of allocution at the re-sentencing hearing, but he instead challenges the constitutionality of the trial court's refusal to address all of the issues that he attempted to raise at his re-sentencing hearing. According to Petitioner, the trial court exceeded the scope of the appellate court's remand, thereby violating the Double Jeopardy Clause. He also asserts that he was denied the effective assistance of counsel because his attorney(s) failed to raise this issue.

The record does not support Petitioner's arguments.

Petitioner has not submitted any allegedly newly discovered evidence to this Court; indeed, Petitioner has not even described that evidence. Nothing has prevented him from doing so. Moreover, Petitioner has yet to file a motion for a new trial in the state trial court, although it has now been more than 17 years since his original judgment of conviction and sentence. The record does not reflect that Petitioner can establish good cause for this lengthy delay. Thus, the record does not indicate that a stay would be appropriate under *Rhines*.

Additionally, Petitioner has failed to establish cause and prejudice for his procedural default of habeas corpus claims two, three, four, and six. Unlike the facts in *Williams*, 148 Ohio St.3d at 403, the Ohio Court of Appeals originally rejected Petitioner's claim that his convictions constituted allied offenses of similar import and held that the trial court did not err in imposing separate sentences of imprisonment on each count. *State v. Smith*, No. 00-CA-63, 2001

WL 1913854, at *4–7 (Ohio App. 5th Dist. Dec. 10, 2001) ("Appellant committed three separate acts of aggravated robbery: the robbery of the cash from the safe; the robbery of Trisha Stefanitsis' jewelry from her person; the robbery of Rudy Stefanitsis' bracelet from his person and money from his wallet from an upstairs bedroom."). In later post-conviction proceedings, the state appellate court explicitly refused to address this claim as barred under Ohio's doctrine of *res judicata*. *State v. Smith*, No. 14-CA-18, 2014 WL 5365511, at *3 (Ohio App. 5th Dist. Oct. 16, 2014). The state appellate court again refused to address the merits of this claim after the trial court's July 2015 re-sentencing hearing. *State v. Blaine-Smith*, No. 15-CA-46, 2016 WL 3608634, at *3 (Ohio App. 5th Dist. July 5, 2016) ("Any arguments in this appeal relative to the imposition of the original 2000 sentence as to maximum consecutive terms are again barred by the doctrine of *res judicata*. *State v. Perry*, 10 Ohio St.2d 175 (1967)"). Further, Petitioner also procedurally defaulted his claim that his convictions constitute allied offenses of similar import, because he failed to raise the issue in the Ohio Supreme Court. *See* Memo in Support of Jurisdiction, ECF No. 26-1, PAGEID # 437; ECF No. 26-2, PAGEID # 1101. Therefore, the Supreme Court's decision in *Williams* does not assist Petitioner here.

The record likewise does not demonstrate that Petitioner could not have raised claims of ineffective assistance of trial counsel prior to his 2015 re-sentencing hearing. Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to investigate an alibi defense,

failed to object to improper witness testimony and identification procedures, failed to object to the imposition of maximum consecutive sentences, and failed to object to the imposition of sentences on allied offenses of similar import. All of these issues were readily apparent at the time of his initial appeal.

As noted *supra*, Petitioner claims that the trial court exceeded the mandate of the state appellate court at re-sentencing and thereby violated the Double Jeopardy Clause; he also insists that this claim involves an issue of lack of subject-matter jurisdiction that may now be considered in these proceedings despite his failure to raise the issue on direct appeal. This Court disagrees and concludes that Petitioner has waived review by this Court of the merits of this claim. Moreover, the record does not reflect that Petitioner has established his actual innocence so as to permit a merits review of Petitioner's procedurally defaulted claims. *See Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005).

For these reasons, and for the reasons that have been well-detailed in the Magistrate Judge's order and report and recommendation, Petitioner's objection, ECF No. 34, is **OVERRULED**. The order and report and recommendation, ECF No. 30, is **ADOPTED** and **AFFIRMED**, and Petitioner's request for a stay is **DENIED**. Petitioner's motion for a status hearing, ECF No. 31, is **DENIED** as moot. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a

certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of the claims asserted in this case as either procedurally defaulted or without merit. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**